**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GARY ROEBER,

                               Plaintiff,

    vs.

                                 Case No.:

HILTON WORLDWIDE HOLDINGS, a Delaware
Corporation d/b/a HAMPTON INN; 4TH
GENERATION DEVELOPMENT INC., a Nebraska
Corporation; KEENAN MANAGEMENT, LLC, a
Nebraska Limited Liability Company; and
RICHARD SIMMONS, an individual,

                          *Plaintiff demands trial by jury*

                               Defendants.

## COMPLAINT AT LAW

Now comes Plaintiff, GARY ROEBER, by and through his attorneys, GALLAGHER
LAW OFFICES, and complaining against Defendants, HILTON WORLDWIDE HOLDINGS,
a Delaware Corporation d/b/a HAMPTON INN; 4TH GENERATION DEVELOPMENT INC.,
a Nebraska Corporation; KEENAN MANAGEMENT, LLC, a Nebraska Limited Liability
Company; and RICHARD SIMMONS, an individual, (collectively "Defendants") each
of them and in the alternative, states for his Complaint the following:

### INTRODUCTION

1.      This matter arises from a slip and fall that occurred on the premises of Hampton Inn
located at 200 Platte Oasis Parkway in North Platte, Nebraska on May 11, 2023 resulting in serious
and permanent injuries to Plaintiff, Gary Roeber.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the
amount in controversy exceeds $75,000 and the parties are citizens of different states.

Supplemental jurisdiction over plaintiff's state law claims is pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the Northern District of Illinois as Plaintiff , GARY ROEBER, resides within the Northern District of Illinois and a vast majority of his medical care occurred with the district.

## PARTIES

4.      Plaintiff, GARY ROEBER, is a citizen of the United States and a resident of Village of Huntley, Illinois located in the County of Kane. At all times relevant, Plaintiff was a guest at HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska.

5.      Defendant, HILTON WORLDWIDE HOLDINGS, is a Delaware corporation with its principal place of business located in McLean, Virginia. HILTON WORLDWIDE HOLDINGS conducts business throughout the United States, including in the State of Nebraska and Illinois, where it operates HAMPTON INN branded hotels.

6.      Defendant, 4TH GENERATION DEVELOPMENT INC. is a Nebraska Corporation with its principal place of business located in North Platte, Nebraska.

7.      At all times relevant, Defendant 4TH GENERATION DEVELOPMENT INC., owned, operated, maintained, managed, and controlled the premises of HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska.

8.      Defendant, KEENAN MANAGEMENT, LLC is a Nebraska Limited Liability Corporation with its principal place of business located in North Platte, Nebraska.

9.      At all times relevant, Defendant, KEENAN MANAGEMENT, LLC, was the property manager at HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska. As the property manager, Defendant KEENAN MANAGEMENT, LLC, maintained, managed, and controlled the premises of HAMPTON INN.

2

10.     At all times relevant, Defendant, RICHARD SIMMONS, was the hotel manager at HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska. As the hotel manager, Defendant RICHARD SIMMONS, maintained, managed, and controlled the premises of HAMPTON INN.

## FACTUAL ALLEGATIONS

11.     On May 11, 2023, Plaintiff, GARY ROEBER, was a guest of the HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska.

12.     On May 11, 2023, at approximately 6 p.m., Plaintiff was walking on a paver stone walkway located adjacent to the main entrance of the HAMPTON INN from the parking lot.

13.     On May 11, 2023, at approximately 6 p.m., while walking on the paver walkway, Plaintiff slipped and fell on a dangerous condition, including but not limited to a broken, unsecured, and defective paver brick.

14.     As a direct and proximate result, Plaintiff fell to the ground and suffered a fracture injury to his right hip requiring a hospitalization and surgery for his injuries.

15.     As a direct and proximate result of the fall, Plaintiff sustained severe and permanent personal injuries, pain, disability, and medical expenses.

16.     At all times relevant, Defendants were responsible for the maintenance, inspection, safety, and control of the premises.

17.     At all times relevant, Defendants knew or should have known of the dangerous and defective condition present on the premises.

### Count I – Negligence Premises Liability
### Roeber vs. All Defendants

1-17. Plaintiff, GARY ROEBER re-alleges and incorporates Paragraphs 1-17, as paragraph 1-17 of Count I.

18.     At all times relevant, Defendants owed a duty to Plaintiff to maintain the premises in a reasonably safe condition and to warn of any hazardous or dangerous conditions that were known or should have been known.

19.     At said time and place, Defendants knew or should have known based on actual or constructive notice that there existed a dangerous and hazardous condition on the paver stone walkway located adjacent to the main entrance of the HAMPTON INN.

20.     Defendants breached their duty and were negligent in one or more of the following ways:

    a.   Failed to properly inspect the paver walkway;

    b.   Failed to properly maintain the paver walkway for the safety of hotel guests and invitees;

    c.   Failed to repair an unsecure and defective paver brick;

    d.   Allowed a dangerous condition to exist on the walkway;

    e.   Allowed a paver brick to be placed on a downward slope and on unstable material including mulch;

    f.   Failed to post adequate warning signs or cordon off the unsecure and dangerous walkway; and

    g.   Failed to take reasonable steps to remedy the unsecure and dangerous walkway.

21.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendants, Plaintiff GARY ROEBER, suffered serious injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff GARY ROEBER, prays for judgment against defendants, HILTON WORLDWIDE HOLDINGS, a Delaware Corporation d/b/a HAMPTON INN, 4TH

GENERATION DEVELOPMENT INC., a Nebraska Corporation; KEENAN MANAGEMENT, LLC, a Nebraska Limited Liability Company, and RICHARD SIMMONS, an individual, in an amount in excess of the jurisdictional limit ($75,000.00) of this Court.

**Count II – Negligence**
**Roeber vs. Hilton Worldwide Holdings**

1-17. Plaintiff, GARY ROEBER re-alleges and incorporates Paragraphs 1-17, as paragraph 1-17 of Count II.

18.     At all times relevant, Defendant HILT HILTON WORLDWIDE HOLDINGS ON owned, operated, maintained, managed, and controlled the premises of HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska.

19.     At all times relevant, Defendant HILTON WORLDWIDE HOLDINGS owed a duty to Plaintiff to maintain the premises in a reasonably safe condition and to warn of any hazardous or dangerous conditions that were known or should have been known.

20.     At said time and place, Defendant HILTON WORLDWIDE HOLDINGS, by and through its agents, knew or should have known based on actual or constructive notice that there existed a dangerous and hazardous condition on the paver stone walkway located adjacent to the main entrance of the HAMPTON INN.

21.     Defendant HILTON WORLDWIDE HOLDINGS breached its duty and was negligent in one or more of the following ways:

 a. Failed to properly inspect the paver walkway;

 b. Failed to properly maintain the paver walkway for the safety of hotel guests and invitees;

 c. Failed to repair an unsecure and defective paver brick;

 d. Allowed a dangerous condition to exist on the walkway;

e.  Allowed a paver brick to be placed on a downward slope and on unstable material including mulch;

f.  Failed to post adequate warning signs or cordon off the unsecure and dangerous walkway; and

g.  Failed to take reasonable steps to remedy the unsecure and dangerous walkway.

22.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant HILTON WORLDWIDE HOLDINGS, Plaintiff GARY ROEBER, suffered serious injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff GARY ROEBER, prays for judgment against defendants, HILTON WORLDWIDE HOLDINGS, a Delaware Corporation d/b/a HAMPTON INN, in an amount in excess of the jurisdictional limit ($75,000.00) of this Court.

### Count III – Negligence
### Roeber vs. 4th Generation Development, Inc.,

1-17.  Plaintiff, GARY ROEBER re-alleges and incorporates Paragraphs 1-17, as paragraph 1-17 of Count III.

18.     At all times relevant, Defendant 4TH GENERATION DEVELOPMENT INC., owned, operated, maintained, managed, and controlled the premises of HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska.

19.     At all times relevant, Defendant 4TH GENERATION DEVELOPMENT INC., owed a duty to Plaintiff to maintain the premises in a reasonably safe condition and to warn of any hazardous or dangerous conditions that were known or should have been known.

20.     At said time and place, Defendant 4TH GENERATION DEVELOPMENT INC., by and through its agents, knew or should have known based on actual or constructive notice that there existed a dangerous and hazardous condition on the paver stone walkway located adjacent to

the main entrance of the HAMPTON INN.

21.    Defendant 4TH GENERATION DEVELOPMENT INC., breached its duty and was negligent in one or more of the following ways:

    a.  Failed to properly inspect the paver walkway;

    b.  Failed to properly maintain the paver walkway for the safety of hotel guests and invitees;

    c.  Failed to repair an unsecure and defective paver brick;

    d.  Allowed a dangerous condition to exist on the walkway;

    e.  Allowed a paver brick to be placed on a downward slope and on unstable material including mulch;

    f.  Failed to post adequate warning signs or cordon off the unsecure and dangerous walkway; and

    g.  Failed to take reasonable steps to remedy the unsecure and dangerous walkway.

22.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant 4TH GENERATION DEVELOPMENT INC., Plaintiff GARY ROEBER, suffered serious injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff GARY ROEBER, prays for judgment against Defendant, 4TH GENERATION DEVELOPMENT INC., a Nebraska Corporation, in an amount in excess of the jurisdictional limit ($75,000.00) of this Court.

### Count IV – Negligence
**Roeber vs. Keenan Management, LLC**

1-17.  Plaintiff, GARY ROEBER re-alleges and incorporates Paragraphs 1-17, as paragraph 1-17 of Count IV.

18.    At all times relevant, Defendant KEENAN MANAGEMENT, LLC, maintained,

managed, and controlled the premises of HAMPTON INN located at 200 Platte Oasis Parkway in North Platte, Nebraska.

19. At all times relevant, Defendant KEENAN MANAGEMENT, LLC., owed a duty to Plaintiff to maintain the premises in a reasonably safe condition and to warn of any hazardous or dangerous conditions that were known or should have been known.

20. At said time and place, Defendant KEENAN MANAGEMENT, LLC, by and through its agents, knew or should have known based on actual or constructive notice that there existed a dangerous and hazardous condition on the paver stone walkway located adjacent to the main entrance of the HAMPTON INN.

21. Defendant KEENAN MANAGEMENT, LLC, breached its duty and was negligent in one or more of the following ways:

    a. Failed to properly inspect the paver walkway;

    b. Failed to properly maintain the paver walkway for the safety of hotel guests and invitees;

    c. Failed to repair an unsecure and defective paver brick;

    d. Allowed a dangerous condition to exist on the walkway;

    e. Allowed a paver brick to be placed on a downward slope and on unstable material including mulch;

    f. Failed to post adequate warning signs or cordon off the unsecure and dangerous walkway; and

    g. Failed to take reasonable steps to remedy the unsecure and dangerous walkway.

22. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant KEENAN MANAGEMENT, LLC, Plaintiff GARY ROEBER, suffered

serious injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff GARY ROEBER, prays for judgment against Defendant, KEENAN MANAGEMENT, LLC, a Nebraska Limited Liability Corporation, in an amount in excess of the jurisdictional limit ($75,000.00) of this Court.

### Count V – Negligence
### Roeber vs. Richard Simmons

1-17. Plaintiff, GARY ROEBER re-alleges and incorporates Paragraphs 1-17, as paragraph 1-17 of Count V.

18. At all times relevant, Defendant RICHARD SIMMONS, maintained, managed, and controlled the premises of HAMPTON INN.

19. At all times relevant, Defendant RICHARD SIMMONS, owed a duty to Plaintiff to maintain the premises in a reasonably safe condition and to warn of any hazardous or dangerous conditions that were known or should have been known.

20. At said time and place, Defendant RICHARD SIMMONS, knew or should have known based on actual or constructive notice that there existed a dangerous and hazardous condition on the paver stone walkway located adjacent to the main entrance of the HAMPTON INN.

21. Defendant RICHARD SIMMONS breached his duty and was negligent in one or more of the following ways:

    a. Failed to properly inspect the paver walkway;

    b. Failed to properly maintain the paver walkway for the safety of hotel guests and invitees;

    c. Failed to repair an unsecure and defective paver brick;

    d. Allowed a dangerous condition to exist on the walkway;

e.   Allowed a paver brick to be placed on a downward slope and on unstable material including mulch;

f.   Failed to post adequate warning signs or cordon off the unsecure and dangerous walkway; and

g.   Failed to take reasonable steps to remedy the unsecure and dangerous walkway.

22.   As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant RICHARD SIMMONS, Plaintiff GARY ROEBER, suffered serious injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff GARY ROEBER, prays for judgment against Defendant, RICHARD SIMMONS, in an amount in excess of the jurisdictional limit ($75,000.00) of this Court.

## COUNT VI – RESPONDEAT SUPERIOR

1-17.   Plaintiff GARY ROEBER re-alleges and incorporates the Paragraphs 1-17, as paragraph 1-17 of Count VI.

18.   In committing the acts alleged in the preceding paragraphs, Defendant, RICHARD SIMMONS, was the agents of the Defendants HILTON WORLDWIDE HOLDINGS, 4TH GENERATION DEVELOPMENT INC., and/or KEENAN MANAGEMENT, LLC, and was acting at all relevant times within the scope of his employment.

WHEREFORE, should Defendant, RICHARD SIMMONS be liable on one or more of the claims set forth above, plaintiff demands that, pursuant to *respondent superior*, Defendants HILTON WORLDWIDE HOLDINGS, 4TH GENERATION DEVELOPMENT INC., and/or KEENAN MANAGEMENT, LLC, be found liable for any compensatory judgment plaintiff obtains against said defendant(s), as well as costs awarded.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

Michael L. Gallagher
GALLAGHER LAW OFFICE, LLC
ARDC#: 6281432
161 N. Clark Street, Suite 3050
Chicago, IL 60601
(312) 910-5050
mlg@gallagherinjurylaw.com