**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| GARY ROEBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25-cv-04908 |
| v. | ) | |
| | ) | Judge April M. Perry |
| HILTON WORLDWIDE HOLDINGS, INC., | ) | |
| 4TH GENERATION DEVELOPMENT | ) | |
| INC., and KEENAN MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Gary Roeber ("Plaintiff") brought claims of negligence against Defendants Hilton Worldwide Holdings, Inc. ("Hilton Worldwide"), 4th Generation Development Inc. ("4th Generation"), and Keenan Management, LLC (collectively, "Defendants"). Doc. 38. Defendants have moved to dismiss for lack of personal jurisdiction. Doc. 39, 41. For the reasons set forth below, Defendants' motions to dismiss are granted.

## BACKGROUND

While traveling on Interstate 80, Plaintiff's wife used his Hilton app to look for a Hilton hotel where they could stay, ultimately booking a room at a Hampton Inn located in North Platte, Nebraska. Doc. 38 ¶ 32.[1] During their stay at the Hampton Inn, Plaintiff slipped and fell on an unsecured paver brick in a walkway at the hotel. *Id.* ¶ 33-34. Plaintiff's fall resulted in a fractured hip, hospitalization, and multiple surgeries. *Id.* ¶ 35.

---

[1] Plaintiff has been a member of Hilton's rewards program since 2009. *Id.* ¶ 26.

In his second amended complaint, Plaintiff filed suit against Hilton Worldwide, 4th Generation, and Keenan Management, LLC. *Id.*[2] Hilton Worldwide is a Delaware corporation with its principal place of business in Virginia. *Id.* ¶ 5. Hilton Worldwide owns brands including "Hampton Inn" and its subsidiaries include Hilton Domestic Operating Company, Inc. and Hilton Franchise Holding, LLC. *Id.* ¶¶ 5-7.[3] 4th Generation is a Nebraska corporation with its principal place of business in Nebraska. *Id.* ¶ 10. 4th Generation owns, operates, maintains, and controls the North Platte Hampton Inn. *Id.* ¶ 9. Finally, Keenan Management, LLC is a Nebraska limited liability corporation with its principal place of business in Nebraska. *Id.* ¶ 11. Keenan Management, LLC is the property manager of the North Platte Hampton Inn. *Id.* ¶ 12.

## LEGAL STANDARD

A plaintiff bears the burden of establishing personal jurisdiction once it has been challenged. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). When ruling on a motion to dismiss for lack of personal jurisdiction, a court may consider facts in affidavits submitted by the parties, but a plaintiff is entitled to have factual disputes in those affidavits resolved in his favor. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). If a defendant submits evidence "in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise

---

[2] Despite the fact that Plaintiff named Richard Simmons in the prior two complaints and subsequent filings, Plaintiff's second amended complaint did not include Richard Simmons in the caption nor was he named elsewhere in the complaint. Pursuant to Federal Rule of Civil Procedure 10, all parties must be named in a complaint's caption. *See* Fed. R. Civ. P. 10. Parties can be dropped from a cause of action through the filing of an amended complaint that does not name the party. *See Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015). Therefore, the Court concludes that Richard Simmons is no longer a defendant to this action.

[3] The complaint's caption refers to Hilton Domestic Operating Company Inc. and Hilton Franchise Holding LLC as d/b/a's of Hilton Worldwide, but the body of the complaint acknowledges that they are subsidiaries. A subsidiary is its own legal entity, whereas a d/b/a allows a company to operate under a fictitious name. Neither subsidiary is named as a defendant in this action.

of jurisdiction." *Id.* at 783. When a court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff "need only make out a prima facie case of personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

A federal court sitting in diversity "has personal jurisdiction over a nonresident only if a court of the state in which it sits would have such jurisdiction." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995) (internal quotation omitted). The Illinois long-arm statute permits the exercise of personal jurisdiction to the fullest extent permitted by the Fourteenth Amendment's Due Process Clause. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021). Under the Due Process Clause, a court may not exercise personal jurisdiction over an out-of-state defendant unless the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general and specific. *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 697 (7th Cir. 2015). General jurisdiction is "all-purpose" while specific jurisdiction is case-specific. *Id.* at 697-98. General personal jurisdiction exists when a defendant is "at home" in the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). Generally, a corporation is "at home" in its state of incorporation and in its principal place of business. *Id.* To demonstrate specific jurisdiction, a plaintiff must make out a prima facie case that (1) defendants have sufficient minimum contacts with the forum state such that they have "purposefully availed [themselves] of the privilege of conducting business in the forum state"; (2) the plaintiff's injuries arise out of or relate to defendants' activities in the forum state; and (3) the exercise of jurisdiction over the

3

defendants "comport[s] with traditional notions of fair play and substantial justice." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019).

## ANALYSIS

### I.        Hilton Worldwide

Plaintiff argues that this Court has both general and specific jurisdiction over Hilton Worldwide due to the fact that Hilton is a nationwide company that targets Illinois residents to stay at its network of Hilton-branded hotels. For the reasons that follow, the Court does not agree that Plaintiff has adequately demonstrated either general or specific personal jurisdiction over Hilton Worldwide.

Although Hilton is certainly a national brand, Hilton Worldwide has submitted evidence that it is a holding company with no employees, no properties in Illinois, and no involvement with the Hampton Inn in North Platte, Nebraska. Doc. 40-1 at 1-2. The complaint seemingly acknowledges this, alleging that Hilton Domestic Operating Company Inc. is the subsidiary of Hilton Worldwide responsible for licensing, operating, and managing hotels. Doc. 38 ¶ 6. The complaint further alleges that Hilton Franchise Holding LLC, another subsidiary of Hilton Worldwide, is responsible for franchising Hampton Inns. *Id*. ¶ 7. The preliminary question thus becomes to what extent the Court can consider actions of Hilton Worldwide's subsidiaries when deciding whether personal jurisdiction over Hilton Worldwide is appropriate. And the answer is: based upon the evidence submitted, it cannot.

As a general rule, jurisdiction over a parent company may not be based merely on its subsidiary's contacts with the forum. *Purdue Rsch. Found.*, 338 F.3d at 788 n.17 (7th Cir. 2003). Illinois courts recognize two methods by which personal jurisdiction over a subsidiary may be imputed to the parent company: (1) when the corporate veil has been pierced or (2) when the

parent company substantially controls the activities of its subsidiary doing business in Illinois. *See id.; see also IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998). "[W]here corporate formalities are substantially observed and the parent does not dominate the subsidiary, a parent and a subsidiary are two separate entities and the acts of one cannot be attributed to the other." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000).

Plaintiff has failed to submit any evidence or argument that the actions of Hilton Worldwide's subsidiaries are legally attributable to Hilton Worldwide, instead opting to continually treat "Hilton" as a monolith. Although the complaint alleges that Hilton Worldwide owns, operates, maintains, manages and controls hotels throughout the State of Illinois and requires that franchisees follow specific design and construction standards, these allegations are not sufficient to refute the affidavit submitted by Hilton Worldwide providing facts to the contrary, especially in light of the fact that the complaint also acknowledges that it is Hilton Worldwide's subsidiaries who are actually responsible for these functions.[4] *See Purdue Rsch. Found.*, 338 F.3d at 783 ("[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."); *see also GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009) ("[W]e accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff."). Plaintiff has not provided any evidence to show that Hilton Worldwide exerts significant control over any of its

---

[4] Plaintiff acknowledges in its briefing that it is Hilton Worldwide's subsidiaries that employ workers in Illinois, pay Illinois taxes, and earn revenue in Illinois. Doc. 46 at 13. Moreover, the website referenced in the complaint to demonstrate that Hilton Worldwide runs hotels in Illinois, https://www.hilton.com/en/locations/usa/illinois/, appears by its Site Usage Agreement to be operated by Hilton Domestic Operating Company Inc. *not* Hilton Worldwide.

subsidiaries or that corporate veil piercing is otherwise appropriate. Therefore, the Court does not consider allegations in the complaint regarding the owning, operating, and controlling of hotels in Illinois as activities attributable to Hilton Worldwide.

Without any evidence of employees, properties, or other operations in Illinois, Plaintiff cannot establish that general jurisdiction over Hilton Worldwide is appropriate here. Hilton Worldwide is quite simply not "at home" in Illinois based upon the evidence presented. Hilton Worldwide is a Delaware corporation with its principal place of business in Virginia, and Plaintiff has not adequately established any "continuous and systematic" contacts with the forum state that are "sufficiently extensive and pervasive," to support a finding of general jurisdiction. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

Turning to specific jurisdiction, the Court similarly finds that the allegations in the complaint are insufficient. The complaint alleges that Hilton Worldwide "advertised extensively to Illinois residents," Doc. 38 ¶ 13, but national advertisements are insufficient to demonstrate purposeful availment of the forum state. *See Schoeps v. Sompo Holdings, Inc.*, 736 F. Supp. 3d 582, 601 (N.D. Ill. 2024), *aff'd*, 160 F.4th 815 (7th Cir. 2025). Nor is the fact that Hilton Worldwide ran an interactive booking website sufficient on its own to show purposeful availment. *See Advanced Tactical*, 751 F.3d at 802-03. Rather, the defendant must take additional steps to purposely target the forum state. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (noting that one example of purposefully directing activities at the forum state includes causing products to be distributed in the forum state). Although Plaintiff frequently uses the term "Illinois-directed advertising," this term is conclusory, and Plaintiff does not describe any marketing or rewards program designed to specifically target Illinois residents.[5]

---

[5] Plaintiff asserts in its opposition brief that Hilton (it is unclear which Hilton corporate entity Plaintiff refers to) "tailors marketing to Illinois consumers through geolocated digital advertising." Doc. 46 at 5.

There is therefore no evidence of Hilton Worldwide purposefully availing itself of the privilege of conducting business in Illinois.

Even if Plaintiff had sufficiently shown Illinois-directed advertising, generally, Plaintiff would also have to allege that his injuries arose out of or related to that advertising for specific jurisdiction to be appropriate. Here, it seems obvious from the complaint that they did not. Plaintiff alleges that he has been a Hilton Rewards member since 2009, and while traveling along Interstate 80 his wife used the Hilton app to book a hotel room in Nebraska. No part of those allegations makes it appear that any Illinois-targeted conduct by Hilton Worldwide caused Plaintiff's wife to log into the Hilton app and book the hotel room at issue in this case. In fact, it is not even alleged that Plaintiff was in Illinois when the booking was made. Thus, it cannot be inferred that Plaintiff's injuries arise out of or relate to Hilton Worldwide's activities in Illinois and specific jurisdiction is not proper. *See Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019).

This case is distinguishable from those cited by Plaintiff where specific jurisdiction was found to be appropriate based upon a defendant not only advertising in the forum state, but also shipping its products into the forum state where the product shipped formed the basis of the cause of action. *See Curry*, 949 F.3d at 399 (finding purposeful availment based upon defendant's shipping of product to Illinois, which product was related to the suit because the product allegedly infringed plaintiff's trademark); *Illinois v. Hemi Grp.*, 622 F.3d 754, 758 (7th

There is no evidence in the record to support this assertion. Similarly, there is no evidence to support Plaintiff's argument that Hilton uses an "Illinois-facing reservation system," unless by "Illinois-facing" Plaintiff means "available via the internet in Illinois." Doc. 46 at 7. Nor is there any evidence that the Hilton Honor's Program is specifically targeted towards Illinois residents. The website cited in the complaint, https://www.hilton.com/en/hilton-honors/member-benefits/, does not so much as mention Illinois. Moreover, according to the Hilton Honors Terms & Conditions, linkable from the same site, the Honors Program is run by yet another corporation not a defendant to this action, Hilton Honors Worldwide, LLC.

Cir. 2010) (concluding that defendant knowingly did business with Illinois residents when it shipped its cigarettes to Illinois, and lawsuit arose from one such cigarette shipment); *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022) (finding specific jurisdiction proper where infringing product was shipped to Illinois). The Hampton Inn in North Platte, Nebraska, may have been bookable from anywhere, but it could only be utilized in North Platte, Nebraska, and customers were expected to come to Nebraska to partake in it. The fact that Plaintiff happened to be an Illinois resident who booked the hotel is irrelevant from a personal jurisdiction standpoint. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (holding that the "unilateral activity" of either the plaintiff or a third party cannot create substantial connection with the forum state).

In summary: Hilton Worldwide is not legally responsible for the actions of every corporation that bears the Hilton name, and Plaintiff has not succeeded in demonstrating that Hilton Worldwide has engaged in any business activity in Illinois. Nor has Plaintiff plausibly alleged either that Hilton (either Worldwide or otherwise) purposefully availed itself of Illinois by targeting its advertisements, Honors Program, or booking software directly to Illinois residents (as opposed to offering nationwide access) or that Plaintiff's injury arose out of such targeted marketing. As a result, neither general nor specific personal jurisdiction over Hilton Worldwide is appropriate in this case.

## II.  4th Generation and Keenan Management, LLC

Plaintiff's arguments in support of personal jurisdiction over 4th Generation and Keenan Management, LLC are even more attenuated, as they are based entirely upon these defendants having been part of the Hilton "ecosystem." Plaintiff does not even attempt to argue general jurisdiction over 4th Generation and Kennan Management, LLC, which is wise, as neither

appears to do any business in Illinois at all. However, Plaintiff argues that specific jurisdiction is appropriate due to Hilton's "extensive advertising to Illinois residents," the fact that "hundreds of Illinois guests" stay at the Hampton Inn in North Platte, Nebraska, and that the hotel is integrated into the Hilton Honors Program and Hilton centralized booking system. Doc. 45 at 3.

Plaintiff's arguments for specific jurisdiction over 4th Generation and Keenan Management, LLC fail for the same reasons as discussed above. Essentially, Plaintiff is attempting to obtain personal jurisdiction over 4th Generation and Keenan Management, LLC based upon the actions of an independent corporation (or more likely, several corporations) which neither controlled. As is discussed above, the actions of one corporation are only attributable to another corporation when specific criteria are met. None are present here.

Nor can Plaintiff claim specific jurisdiction over 4th Generation and Keenan Management LLC based on the fact that hundreds of Illinois residents have stayed at their Hampton Inn in the past three years. The actions of independent third parties do not speak to whether a defendant has purposefully targeted the Illinois market. *See In re Sheehan*, 48 F.4th 513, 523 (7th Cir. 2022) (holding that "specific personal jurisdiction cannot depend solely on the actions of the plaintiff or third parties"). The Hampton Inn North Platte, Nebraska is located .3 miles from an exit off Interstate 80, a highway that runs from San Francisco to New Jersey and through both Nebraska and Illinois.[6] It is likely that hundreds of residents of many states have happened to stop at this Hampton Inn during their travels. This evidences a wise strategic choice of location for the hotel; it says nothing about whether the defendants purposefully availed themselves of the Illinois

---

[6] The Court may take judicial notice of geographical locations, including the locations of streets and highways and distance estimates. *See Lowrance v. Pflueger*, 878 F.2d 1014, 1018 (7th Cir. 1989); *United States v. Julius*, 14 F.4th 752, 756 (7th Cir. 2021).

market. For these reasons, Plaintiff has also failed to make a prima facie showing of personal jurisdiction over 4th Generation and Keenan Management LLC.

## CONCLUSION

Defendants' motions to dismiss for lack of personal jurisdiction are granted. Although Defendants have requested that the dismissal be with prejudice, dismissals for lack of personal jurisdiction are without prejudice, given that the Plaintiff is entitled to try and pursue his case in another venue. *See Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572, 576-77 (7th Cir. 2022).

Dated: March 31, 2026

_____
APRIL M. PERRY
United States District Judge

10